### Appeal of BATTLE & Co.

(*Circuit Court, E. D. Missouri, E. D.* May 4, 1892.)

CUSTOMS DUTIES—CLASSIFICATION—"CHLORAL HYDRATE."
Under the tariff of October 1, 1890, chloral hydrate is dutiable at 25 per cent. *ad valorem*, under Schedule A, par. 76, as a "chemical compound * * * not specially provided for," and not at 50 cents per pound, under paragraph 74, as a "medicinal preparation, * * * of which alcohol is a component part, or in the preparation of which alcohol is used."

Application by Battle & Co., chemists, a corporation, for a review of the board of general appraisers' decision with respect to the classification of certain imports.

*Dickson & Smith*, for petitioners.

*Geo. D. Reynolds*, U. S. Atty.

THAYER, District Judge, (*orally.*) This is a case that arises under the customs law. The question in the case is whether chloral hydrate is dutiable at 50 cents per pound, under paragraph 74 of Schedule A of the tariff act of October 1, 1890, as "a medicinal preparation * * * of which alcohol is a component part, or in the preparation of which alcohol is used," or whether it is dutiable at the rate of 25 per cent. *ad valorem*, under paragraph 76 of the same schedule, as "a chemical compound * * * not specially provided for." The court is compelled to adopt the latter view, for the following reasons: Chloral hydrate is not mentioned by name in the tariff act, and in that sense it is not "specially provided for." Furthermore, all the experts agree that it is "a chemical compound." It answers, therefore, all of the requirements

of paragraph 76 of Schedule A. On the other hand, there are some grave objections to classifying it under paragraph 74 of Schedule A. In the first place, it may be said that alcohol is clearly not a component part of "chloral hydrate," because in the process of manufacturing the latter drug (when the alcohol process is employed) the alcohol is broken up into its constituent elements, and does not reappear in the drug, and cannot be extracted therefrom, as it may be when used merely as a solvent or to treat oils or other fatty substances. The case for the government rests on the fact that alcohol is used in one of the most common processes employed for manufacturing chloral hydrate; hence it is claimed that it is "a medicinal preparation * * * in the preparation of which alcohol is used."

A very substantial objection to this view is that chloral hydrate may be, and sometimes is, manufactured by two processes from substances containing considerable starch, without the use of any alcohol. Chloral hydrate thus produced would certainly not be dutiable under paragraph 74, and the result of holding the present importation dutiable under that clause would be to impose a different rate of duty on the same drug, depending upon the process of manufacture. Another view of the case is also entitled to much weight. Considering the whole of paragraph 74, which reads as follows: "All medicinal preparations, including medicinal proprietary preparations, of which alcohol is a component part, or in the preparation of which alcohol is used, not specially provided for in this act, fifty cents per pound,"—it would seem as though congress in this clause only had in mind a class of medicinal preparations in which alcohol is used as an ingredient without being broken up, either as a solvent, or to extract and hold in solution the medicinal properties of certain vegetable substances or drugs. The use of alcohol in the manufacture of chloral dydrate bears no analogy to the uses last mentioned. The drug is manufactured in the alcohol process by passing dry chlorine gas through alcohol. By so doing, the alcohol is broken up chemically; a part of its hydrogen is liberated, and is replaced by atoms of chlorine. The process results in the formation of a solid substance of a crystalline structure, which is then treated with water to form chloral hydrate.

As before stated, other substances containing starch may be used in lieu of alcohol, to supply the elements necessary to form chloral hydrate. In view of the manner in which alcohol is treated in the process above described, the court considers it extremely improbable that chloral hydrate was one of the medicinal preparations which congress intended to make dutiable under paragraph 74 of Schedule A. Under the testimony, it is also doubtful whether chloral hydrate is, in a strictly legal or dictionary sense, "a medicinal preparation." In the form in which the present importation was made, it is clear that the article in question is not a complete medicinal preparation, for the reason that it cannot be administered in the form in which it was imported, but must be further prepared by the druggist or apothecary. While the case is not entirely free from doubt, I think, for the reasons above stated, that the article in

question should be assessed under paragraph 76 as "a chemical compound not specially provided for," and at the rate of 25 per cent. *ad valorem.*

Judgment accordingly.